# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CHILKO, TRUSTEE; DANNY KANE, TRUSTEE, JAMES ELROD, TRUSTEE; DON RUSH, TRUSTEE; CARL JARRETT, TRUSTEE, AND ROD BAILEY, TRUSTEE, TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS' PENSION PLAN<br><br>Plaintiffs,<br><br>v.<br><br>EARNIE LORREN, an individual, and DOES 1 through 50 inclusive,<br><br>Defendants. | 1:07cv1316 OWW GSA<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Document 15) |

## INTRODUCTION

Plaintiffs Jim Chilko, Trustee; Danny Kane, Trustee; James Elrod, Trustee; Don Rush, Trustee; Carl Jarrett, Trustee, and Rod Bailey, Trustee; Trustees of The Kern County Electrical Workers' Pension Plan ("Plaintiffs") filed the instant motion for default judgment on March 17, 2008. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action on September 7, 2007, based on Section 302(c) of the Labor Management Relations Act ("Act"), 29 U.S.C. § 186(c) and the Employee Retirement Income

1

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended.[1]  Plaintiffs allege that Defendant, Earnie Lorren, committed fraud and was unjustly enriched by receiving pension payments after making misrepresentations regarding his eligibility to receive benefits as an early retiree.  Defendants seeks a judgment for the pension payments paid, attorney's fees, costs and interest.

According to the Complaint, Plaintiffs are trustees of the Kern County Electrical Workers' Pension Plan ("pension plan" or "plan").  The pension plan is a joint labor management trust fund created pursuant to section 302(c) of the Act and is governed by ERISA. Complaint at ¶1.  Defendant was a licensed electrician and member of the International Brotherhood of Electrical Workers ("IBEW") Local Union No. 428.

In or about 2005, Defendant became an eligible participant in the pension plan as an early retiree.  Complaint ¶ 4.  The pension plan provides that in order to receive a monthly pensions benefit, an electrician must retire and cannot do work covered by the plan rules.  Complaint at ¶ 5.  The plan further provides that if a pensioner takes work which is prohibited by the plan rules, he must notify the plan in writing within fifteen days after he starts work and his monthly pension will be suspended while he is participating in prohibited employment. Id.  Prohibited employment includes any type of work covered by the IBEW Collective Bargaining Agreement, and specifically precludes an eligible employee from engaging in employment using skills in the electrical industry. Complaint at ¶ 5.  Section 1(b) of Article IIX of the pension plan governing application, benefit payments and Retirement states :

> Every participant or pensioner shall furnish, at the request of the Trustees, any information or proof reasonably required to determine his benefit rights.  If a person willfully makes a false statement material to an application or furnishes a fraudulent information or proof, or fails to provide the notification required, benefits under this Plan may be denied, suspended or discontinued.  The Trustee shall have the right to recover any benefits payments made in reliance on any false or fraudulent statements."
> Complaint ¶ 6.

---

[1] Plaintiffs cite to Sections 502(g)(2) and 515 of ERISA as a basis for this court's jurisdiction, but these sections relate to delinquent employer contributions which do not appear to be applicable in this case.  Complaint at ¶ 3. However, Plaintiffs also reference section 301(a) of the Act, 29 U.S.C. § 185(a), and 28 U.S.C. § 1367(a) which properly confers jurisdiction of this case on this court.  Moreover, while Plaintiffs only cite to ERISA generally, (29 U.S.C. § 1001 et. seq. Complaint at ¶ 1), Section 1132(a)(3) provides that a fiduciary may bring a civil action to obtain equitable relief, redress violations of the plan, or enforce any provision of the plan. 29 U.S.C. § 1132(a)(3).

In or about November 2005, Defendant began receiving monthly pension payments from plaintiffs in the amount of $4,072.00 and continued receiving the monthly payments for a period of eleven months, totaling $44,792.00.  Complaint at ¶7. On or about December 16, 2005, Defendant provided a certified statement that he was not engaged in any employment for the 2005 calendar year which would disqualify him from receiving pension payments from the trust. Compliant at ¶ 8 and Exhibit A.

In or about August 2006, Plaintiffs allege that they became aware that Defendant had been employed for several months in work prohibited by the plan. Plaintiffs issued a Notice of Suspension of Benefits to the Defendant on August 16, 2006.  Complaint at ¶ 9 and Exhibit B. In response to the Notice of Suspension, Defendant responded in writing on August 26, 2006, denying any employment prohibited by the plan.  Complaint at ¶ 10 and Exhibit C.  On September 11, 2006, plaintiffs received confirmation from the Sate of California, Department of Water Resources, that defendant had been actively employed from November 15, 2005 through September 2006 on a permanent, full-time basis, with the State of California as a "Hydro-Electric Plant Electrician I."  Complaint at ¶ 11 and Exhibit D.

The plan provides Trustees with the authority to recover direct re-payment of any payments which should have been suspended under the plan.  Complaint at ¶ 12 and Exhibit E. Plaintiff has demanded Defendant reimburse the plan in the amount of $44,792.00.  Defendant has ignored Plaintiffs' requests. Complaint at ¶ 12.

Plaintiffs allege fraud because Defendant held himself out as being retired, and fully qualified as an early retiree eligible to receive pension benefits.   Complaint at ¶ 14-15. Defendant made affirmative misrepresentations to Plaintiffs that he was not employed as an electrician or otherwise engaged in prohibited employment as set forth in the plan, and that Defendant knew these representations were false and fraudulent.  Complaint at ¶¶ 15 & 16.  In detrimental reliance of Defendant's misrepresentations, Plaintiffs dispersed pension plan payments to Defendant which was the proximate cause of Plaintiff's damage in the sum of $44,792.00 plus interest.  Complaint at ¶ 18.  Further, Plaintiffs allege that Defendant has been

3

unjustly enriched by these actions in the amount of $44,792.00 which should be re-paid to the pension fund. Complaint at ¶¶ 21-22.

On November 6, 2007, Plaintiff filed a proof of service indicating that Defendant Lorren was personally served on November 4, 2007. The Clerk of the Court entered default on November 29, 2007. Plaintiff filed the instant motion for default judgment on March 17, 2008. Earnie Lorren is not and infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Defendant did not make an appearance in the action nor was he served with the motion.

Plaintiff requests judgment as follows: (1) $44,792.00 in monetary damages, (2) pre-judgment interest in the amount of $11,318.78, (3) $6,632.00 attorney's fees, (3) $365.00 in costs (all totaling $ 62,742.78), and (4) that the judgment bear interest at the rate of ten percent (10%) annually from the date of entry until paid.

## DISCUSSION

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by

default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir.1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Plaintiffs are seeking a judgment against Defendant in the amount of $62,742.78 plus interest which is a significant sum of money.  Having read and considered the declarations, pleadings and exhibits to the present motion, the court finds that there are deficiencies in the motion that need to be addressed before the court will recommend that the motion be granted:

1)  Plaintiffs have alleged fraud and unjust enrichment as causes of action, however, the necessary elements and legal standards required to establish these causes of action are not outlined in the motion, nor is there an indication of how the facts alleged in the complaint satisfy these claims;

2)  Plaintiffs have alleged the plan paid Defendant $44, 792.00 for early retirement benefits, however, Plaintiffs submitted no evidence that this amount was actually paid to Defendant.  While factual allegations of the complaint are taken as true upon default, damages are not.  Geddes v. United Financial Group, 559 F. 2d 557, 560 (9th Cir. 1977). As such, Plaintiffs need to provide the court with evidence of the amount of damages;

3) Plaintiffs have requested 10% pre-judgment interest from November 1, 2005 through March 13, 2008, totaling $11,318.78.  Plaintiffs also request that the judgment bear interest at a rate of 10% from the date of entry until paid.   Plaintiffs have cited 29 U.S.C. § 1132(g)(1) as a basis for awarding attorney's fees and costs.  However, this section does not allow for the

imposition of interest either pre- or post- judgment. [2] In order for the court to grant this motion, Plaintiffs would need to provide the court with the applicable authority (statutory or otherwise) to justify the imposition of the 10% interest both pre- and post- judgment.  Additionally, Plaintiffs need to provide an accounting setting forth with specificity the calculations used to reach the $11,318.78 amount; and

4)   Plaintiff provided the declaration of Wynter Spencer, paralegal, outlining the hourly billing rate of the attorney and paralegal who worked on this case, as well as the $6,267.00 total amount billed.  However, the declaration does not outline what services were provided and the hours billed to justify the $6,267.00 amount.  Plaintiffs need to provide the basis of the attorney fees, with an itemization of the services rendered sought to charged against Defendant.

Based on the above, the court finds that Plaintiffs' motion should not be granted.   It is recommended that the motion be denied without prejudice to allow Plaintiffs the opportunity to cure the deficiencies outlined above.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiffs' motion for default judgment in favor of Plaintiffs and against Earnie Lorren be DENIED WITHOUT PREJUDICE;
2. Defendants shall file a second motion for default judgment incorporating the issues outlined in this order within thirty (30) days of the district court's order if the court adopts these findings and recommendations;
3. The hearing on this motion currently scheduled for May 16, 2008 at 9:30 am is hereby VACATED.

---

[2] Section 1132(g)(2) provides the court shall award interest on unpaid contributions or liquidated damages, however, this section does not appear to apply to this case since this is not a case involving unpaid employer contributions.  Plaintiffs have cited to cases for authority to grant the motion for default judgment, however, all these cases only deal with unpaid employer contributions. New York State Teamsters Conference Pension & Retirement Fund by Bush v. Fratto Curbing Co. 875 F. Supp. 129 (N.D. N.Y. 1995)(plaintiffs entitled to recovery of delinquent contributions, interest costs and attorney's fees when employer failed to make benefit contributions to the plan); Flynn v. Williams Masonry, 233 F.R.D. 176 (D.D.C. 2005) (same); International Painters & Allied Trades Industry Pension Fund v. Newburgh Glass and Glazing, LLC, 468 F. Supp. 2d. 215 (D.D.C. 2007) (plaintiffs entitled to unpaid contributions, interest, liquidated damages, and attorney's fees in deliquent employer contribution case);

1

2   This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger,
3 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
4 and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern
5 District of California.  Within fifteeb (15) days after being served with a copy, any party may file
6 written objections with the court and serve a copy on all parties.  Such a document should be
7 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will
8 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
9 advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12

13

14   IT IS SO ORDERED.

15   **Dated:   May 9, 2008**              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28