**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CHILKO, TRUSTEE; DANNY KANE, TRUSTEE, JAMES ELROD, TRUSTEE; DON RUSH, TRUSTEE; CARL JARRETT, TRUSTEE, AND ROD BAILEY, TRUSTEE, TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS' PENSION PLAN<br><br>    Plaintiffs,<br><br> v.<br>EARNIE LORREN, an individual, and DOES 1 through 50 inclusive,<br><br>    Defendants. | 1:07cv1316 OWW GSA<br><br>ORDER REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br>(Document 20) |

**INTRODUCTION**

  Plaintiffs Jim Chilko, Trustee; Danny Kane, Trustee; James Elrod, Trustee; Don Rush, Trustee; Carl Jarrett, Trustee, and Rod Bailey, Trustee; Trustees of The Kern County Electrical Workers' Pension Plan  ("Plaintiffs") filed a motion for default judgment on March 17, 2008.  In the motion, Plaintiffs sought a judgment in the amount of $62,742.78 which included $ 44,792.00 for reimbursement of retirement benefits, $11,318.78 for 10% pre-judgment interest, $6,267.00 in attorney fees plus costs of $365.00.  Plaintiffs also requested that the judgment bear interest at a rate of 10% from the date of entry until paid.  The court denied the first motion for default judgment because <u>inter alia</u>, Plaintiffs had not outlined how the facts alleged in the complaint satisfied the claims for unjust enrichment and fraud.  Accordingly, Findings and

1

1  Recommendations were issued on May 9, 2008, recommending that Plaintiffs' Motion for
2  Default Judgment be denied without prejudice. Doc. 19.  These Findings and Recommendations
3  were adopted by the Honorable Oliver W. Wanger on June 16, 2008.  Doc. 22.
4       On June 11, 2008, Plaintiffs filed the instant Motion for Default Judgment (hereinafter,
5  "Plaintiff's Motion").  The motion was referred to this court pursuant to 28 U.S.C. §
6  636(b)(1)(B) and Local Rule 72-302.   In this motion, Plaintiffs have requested a monetary
7  judgment in the amount of $44,792.00 plus an unspecified amount of interest, $6736.50 in
8  attorney's fees[1] and $350.00 for costs all totaling $51,878.50.  In support of the request, they
9  have asserted that they have valid causes of action for fraud and unjust enrichment See,
10 Plaintiffs' Motion at pg. 2 & 3.  A hearing was scheduled for July 18, 2008 at 9:30 am.  The
11 hearing was vacated and the court issues the following order requiring that the Plaintiffs provide
12 the court with additional points and authorities addressing the issues outlined below.  The new
13 hearing date will be September 26, 2008, at 9:30 before this court in Courtroom 10.

**PROCEDURAL AND FACTUAL BACKGROUND**

15      Plaintiff filed this action on September 7, 2007, based on Section 302(c) of the Labor
16 Management Relations Act ("Act"), 29 U.S.C. § 186(c) and the Employee Retirement Income
17 Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended.  The specific facts
18 alleged in the complaint will not be recited as they have been outlined in a previous order. In
19 summary, Plaintiffs allege that Defendant, Earnie Lorren, committed fraud and was unjustly
20 enriched by receiving pension payments after making misrepresentations regarding his eligibility
21 to receive benefits as an early retiree.  Plaintiffs assert two causes of action alleging fraud and
22 unjust enrichment.  Complaint at ¶ 13 - 22. The relief requested in the complaint is compensatory
23 damages and prejudgment interest for each cause of action, attorney's fees, and costs. Complaint
24 at pg. 5.

---

27  1. The court notes that in Plaintiff's motion there are two different amounts referenced for attorney fees : $6,632.00
28  and $6.736.50.  See, Plaintiffs' Motion at pg. 4 line 16 and line 19 respectively.  Since the declaration of Scott
Pearlman indicates $6,736.50 was the amount charged for services rendered, the court presumes $6,736.50 is the
amount requested.

On November 6, 2007, Plaintiff filed a proof of service indicating that Defendant Lorren was personally served on November 4, 2007. Doc. 6. The Clerk of the Court entered default on November 29, 2007. Doc. 8. Plaintiff filed the instant motion for default judgment on June 11, 2008. Doc. 20.

## **DISCUSSION**

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

As noted above, in determining whether to grant a motion for default judgment, the court must consider the sufficiency of the complaint. In reviewing a default judgment, this court must take the well-pleaded factual allegations in the complaint as true. Benny v. Pipes, 799 F.2d 489, 495 (9th Cir.1986) cert. denied, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). However, necessary facts not contained in the pleadings, or claims which are legally insufficient, are not established by default. See, Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.1978); Alan Neuman Productions v. Albright, 862 F.2d 1388, 1392-93 (9th Cir.1988) (reversing default

judgment for plaintiff on RICO claims because the complaint failed properly to allege such claims), cert. denied, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir.1992).

Plaintiff brings this action under ERISA, however, the complaint only alleges two causes of action : 1) fraud and 2) unjust enrichment.  Plaintiffs have cited state law to support these common law claims. Plaintiff's Motion at pg. 2-4.  The complaint references section 301(a) of the Act, 29 U.S.C. § 185(a), and 28 U.S.C. § 1367(a) which properly confers jurisdiction of this case on this court.  Complaint at ¶ 3.  The complaint also references 29 U.S.C. § 1001 et seq, but it does not specifically outline which sections of ERISA are applicable.  Complaint at ¶ 1.  The only other section the complaint references are sections 502(g)(2) and 515 of ERISA which relate to employer contributions and are not appropriate for this action.  The absence of the statutory authority of ERISA as a cause of action is important because the only two causes of action alleged by Plaintiff are preempted by ERISA.

**1. Preemption**

ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. It sets minimum uniform standards for employee benefit plans and provides for uniform remedies in the enforcement of the plans. See, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983); Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 510 (1981).  ERISA explicitly preempts state laws to the extent that they relate to employee benefits not exempt from federal regulation. Complete preemption can be invoked only when two conditions are satisfied: 1) ERISA expressly preempts the state cause of action under 29 U.S.C. § 1144(a) (i.e. "conflict preemption"),  and 2) the cause of action is encompassed by the scope of the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a).  Metropolitan Life Ins. Co., v. Taylor, 481 U.S. 58, 60 (1987).  The lack of an ERISA remedy does not effect a preemption analysis.  Bast v. Prudential Ins. Co. of America, 150 F. 3d 1003, 1009-1010  (9th Cir. 1998)(Finding state law claims were preempted by ERISA even though this left survivors without a remedy); McLeod v. Oregon Lithoprint Inc., 102 F. 3d 376 (9th Cir. 1986) (same).

*a. Conflict Preemption*

Section 1144(a) states in relevant part, that "provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may no or hereafter relate to any employee benefit plan ..."  State law "relates to" an ERISA benefit plan if there is a connection with or reference to such plan." New York States Conference of Blue Cross & Blue Shield Plans v. Travelers Ins., Co., 514 U.S. 645, 646 (1995); Abraham v. Norcal Waste Systems, 265 F. 3d 811, 819 (9th Cir. 2001).  In cases such as this one, where the plan is central to the underlying claim, the Ninth Circuit has held that ERISA preempts common law theories of fraud.  Aetna Life Ins.Co. v. Bayona, 223 F. 3d 1030, 1034 (9th Cir. 2000); Farr v. U.S. West Communications, Inc., 151 F. 3d 908 (9th Cir. 1998); Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1095).  Similarly, since the plan is central to Plaintiffs' theory of unjust enrichment, ERISA preempts that cause of action. Pacific Inc. v. Martin, 34 F. 3d 834, 836 (9th Cir. 1994) (citing, Lea v. Republic Airlines, Inc., 903 F. 2d 624, 632 (9th Cir. 1990)  (Court refusing to recognize common law action for reimbursement on theory of unjust enrichment); See also, Provident Life & Accident Ins. Co. v. Cohen, 423 F. 3d 413, 434-425 (4th Cir. 2005) (Unjust enrichment claim requires examination of ERISA and its policy objectives therefore federal law governs the claim).

*b. Civil Enforcement Provisions under ERISA*

Since the complaint only references 29 U.S.C. § 1001 generally and otherwise only cites to section 515 and 502(g) of ERISA, which do not appear to be applicable as outlined above, the court cannot discern which section of ERISA serves as the basis of Plaintiffs' claims.  The court recognizes that failure to name a particular statute under which the action arises is not fatal in establishing jurisdiction if the remainder if the complaint shows that a federal question actually is involved or relied upon by the pleader. Provident Life & Accident Ins. Co. v. Waller, 906 2d 985, 988 (4th Cir. 1990); citing Williams v. United States, 405 F. 2d 951, 954 (9th Cir 1969); See also, Metropolitan Life Ins. Co., v. Taylor, 481 U.S. at 67 (Common law causes of action filed in state court are preempted by ERISA § 502(a)(1)(B) and are removable to federal court).  Accordingly,

the court assumes Plaintiffs' intended to pursue their claim pursuant to the civil enforcement provision of § 502(a)(3)(B), ERISA, 29 U.S.C. § 1132(a)(3)(B). This section provides that a fiduciary may bring a civil action to obtain equitable relief, (i) to redress violations of the plan, or (ii) enforce any provision of the plan. ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B). Since the plan is clearly connected to the causes of action and the cause of action is encompassed by the scope of civil enforcement provision of ERISA, Plaintiffs' causes of action are preempted and Plaintiffs' remedies are limited to those outlined under ERISA. Farr v. U.S. West Communications, Inc., 151 F. 3d at 916. (Plaintiff's may not recover their tax benefits losses under § 502(a)(3) despite that this conclusion leaves plaintiff's without a remedy for an alleged breach of duty under ERISA); Pacific Inc. v. Martin, 34 F. 3d at 836 (Federal common law cause of action for reimbursement or unjust enrichment must invoke a specific remedy authorized by § 502).

**2.    Available Relief Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

The Ninth Circuit has recognized that equitable relief under § 502(a)(3) may be brought by a fiduciary and can include relief that were typically available in equity such as mandamus, injunctive relief, and restitution. Aetna Life Ins. Co. v. Boyona, 223 F. 3d at 1033. The types of remedial powers conferred under section 502(a)(3) have recently been defined by the Supreme Court. In Great -West Life & Annuity Ins. Co. V. Knudson, 534 U.S. 204 (2002) the court construed § 502(a)(3) to authorize only those categories of relief typically available in equity and rejected a claim requesting nothing other than compensatory damages.

In the instant case, Plaintiffs have requested compensatory damages in their complaint and construed their request for relief as restitution in their motion for default judgment. However, whether a remedy is legal or equitable depends on the basis of the plaintiff's claims and the nature of the remedies sought. Great -West Life & Annuity Ins. Co. v. Knudson, 534 U.S. at 213; Watkins v. Westinghouse Hanford Co., 12 F.3d 1517, 1528 n. 5 (9th Cir.1993) (citation omitted) ("In determining whether an action for equitable relief is properly brought under

ERISA, we look to the "substance of the remedy sought ... rather than the label placed on that remedy." ).

The Supreme Court noted that not all relief falling under the rubric of restitution is available in equity. Great -West Life & Annuity Ins. Co. V. Knudson, 534 U.S. at 212. One feature of equitable restitution is that it seeks to impose a constructive trust or equitable lien on "particular funds or property in the defendant's possession." Great -West Life & Annuity Ins. Co. v. Knudson, 534 U.S. at 213. In Knudson, the funds Great-West sought were not in Knudson's possession but had been placed in a trust under a California Law. The court determined that the relief sought in Great-West was not equitable (i.e., the imposition of a constructive trust or equitable lien on particular property) but the legal imposition of personal liability for the benefits that Great-West conferred upon Knudson and that the suit could not proceed under §502(a)(3). Great -West Life & Annuity Ins. Co. v. Knudson, 534 U.S. at 214. The court noted that if the property traceable to the plaintiff has dissipated, only a legal claim of general creditor remains. Great -West Life & Annuity Ins. Co. v. Knudson, 534 U.S. at 213-214. The requirements that funds or property must be in the defendant's possession and identified in a particular fund in order to obtain equitable restitution under § 502(a)(3) were reiterated by the Supreme Court recently in Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 362-365 (2006) (holding that an equitable lien imposed by agreement is an appropriate equitable remedy under § 502(a)(3)).

In their motion, Plaintiffs cites to United States of America v. Bellecci, 2008 U.S. Dist. LEXIS 23892 in support of their request for prejudgment interest and restitution for unjust enrichment. However, this case was not premised on ERISA and is therefore misplaced. There appears to be limited case law regarding a situation where a plan fiduciary seeks a judgment from a beneficiary based on fraud under ERISA. However, in Provident Life & Accident Ins. Co. v. Cohen, the Fourth Circuit held that the federal common law of unjust enrichment is not an appropriate remedy under section 502(a)(3) to recover benefits paid after a claimant intentionally misrepresented the extent of his disability on monthly disability forms. Provident Life & Accident Ins. Co. v. Cohen, 423 F. 3d at 422-423.

The facts in Provident Life & Accident Ins. Co. v. Cohen were similar to the instant case in that the defendant had allegedly obtained plan benefits through fraud and the fiduciary sought monetary reimbursement of funds distributed to the beneficiary. Id. The court held that the proper remedy is for the plan fiduciary to sue under ERISA Section 502(a)(3)(B) to obtain "other appropriate equitable relief." Id. The court reached this conclusion after noting that the Supreme Court's decision in Great -West Life & Annuity Ins. Co., v. Knudsun, would no permit an insurer to recover monetary damages in the form of restitution for benefits paid to a beneficiary. In Provident Life & Accident Ins. Co. v. Cohen, the court did not want to condone the defendant's intentional misleading conduct, but it refused to provide a remedy, stating that "we cannot ignore ERISA's prescription of the type of relief sought by Provident and permit a common law remedy for unjust enrichment. That is, we cannot afford Provident the right to do that which it cannot do under ERISA. It is simply not within the court's purview to decide the proper balance of rights and remedies under ERISA." Provident Life & Accident Co. v. Cohen, 423 F. 3d at 425-426, citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985) and Great-West Life & Annuity Ins., Co. v. Knudson, 534 U.S. at 209 (warning that courts should be "especially reluctant to tamper with the enforcement scheme embodied in the ERISA statute by extending remedies not specifically authorized by its text.). [2]

In the instant case, Plaintiffs have requested, inter alia, a monetary judgment for $44,792.00 plus interest, but they have not requested an equitable lien or a constructive trust, nor have they alleged a cause of action under ERISA. Even assuming an ERISA cause of action was alleged, under a liberal interpretation of Great-West and Sereboff, it appears a claim for equitable relief pursuant to §502(a)(3)(B) must seek specifically identifiable property that is within control or possession of the defendant. There is no such allegation in the pleading, nor has there been any evidence submitted to address this issue. Plaintiffs appears to be seeking strictly a monetary

---

[2] In Provident Life & Accident Insurance Co., v. Cohen, 423 F. 3d at 423, the Fourth Circuit distinguishes another case, Provident Life & Accident Insurance Co. v. Waller, 906 F. 2d 985 (4th Cir. 1990) in which the Fourth Circuit found unjust enrichment is a viable remedy under ERISA federal common law. However, the Ninth Circuit has explicitly renounced Provident Life & Accident Insurance Co. v. Waller in Pacificare Inc., v. Martin, 34 F. 3d at 836.

judgment, which as requested, is not equitable relief, but other legal relief that is not available under the causes of actions alleged or under ERISA § 502(a)(3)(B).

## CONCLUSION

In sum, the complaint alleges common law causes of action and Plaintiffs have cited state law in support of their motion. State law is not applicable because the causes of action are preempted under ERISA and the monetary relief Plaintiffs appears to be seeking a remedy that is not authorized under the applicable ERSIA statute. In light of the above, **IT IS HEREBY ORDERED** that :

1) Plaintiffs shall submit a brief within (30) days outlining why the complaint is sufficient as alleged, how the causes of action and all the relief they are seeking are authorized under federal law, and why this court should not recommend that the motion for default judgment be denied given the law cited above;

2) In the alternative, Plaintiffs may withdraw their motion for default judgment and file a motion for leave to amend the complaint. However, Plaintiffs are advised that any motion to amend the complaint should cure all of the deficiencies outlined above. Such motion shall be also filed within 30 days;

3) A hearing will be held on September 26, 2008, at 9:30 am in courtroom 10 to address the issues outlined above or to resolve any new motions filed.

IT IS SO ORDERED.

Dated:    August 3, 2008                    /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE