# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CHILKO, TRUSTEE; DANNY KANE, TRUSTEE, JAMES ELROD, TRUSTEE; DON RUSH, TRUSTEE; CARL JARRETT, TRUSTEE, AND ROD BAILEY, TRUSTEE, TRUSTEES OF THE KERN COUNTY ELECTRICAL WORKERS' PENSION PLAN<br><br>            Plaintiffs,<br><br>            v.<br>EARNIE LORREN, an individual, and DOES 1 through 50 inclusive,<br><br>            Defendants. | 1:07cv1316 OWW GSA<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>ORDER DEEMING MOTION FOR DEFAULT JUDGMENT WITHDRAWN<br><br>ORDER VACATING DEFAULT ENTERED ON NOVEMBER 29, 2007<br><br>(Documents 8, 20 and 28) |

## INTRODUCTION

Pending before the court is Plaintiffs' Jim Chilko, Trustee; Danny Kane, Trustee; James Elrod, Trustee; Don Rush, Trustee; Carl Jarrett, Trustee, and Rod Bailey, Trustee; Trustees of The Kern County Electrical Workers' Pension Plan ("Plaintiffs") Second Motion for Default Judgment ("Plaintiffs' Motion for Default Judgment") filed on June 11, 2008.  Also pending before the court is Plaintiffs' Motion to Amend the Complaint filed on September 10, 2008.  The court has reviewed the papers and has determined that these matters are suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Accordingly, the hearing set for September 26, 2008, at 9:30 was VACATED.  Upon consideration of all the pleadings, Plaintiffs' Motion to Amend the Complaint is GRANTED.  The Clerk of the Court is ordered to

1  VACATE default entered on November 29, 2007.  Finally, Plaintiff's Motion for Default
2  Judgment is deemed WITHDRAWN.

### PROCEDURAL BACKGROUND

4       Plaintiffs filed this action on September 7, 2007, based on Section 302(c) of the Labor
5  Management Relations Act ("Act"), 29 U.S.C. § 186(c) and the Employee Retirement Income
6  Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended.  The specific facts
7  alleged in the complaint will not be recited as they have been outlined in a previous orders. In
8  summary, Plaintiffs allege that Defendant, Earnie Lorren, committed fraud and was unjustly
9  enriched by receiving pension payments after making misrepresentations regarding his eligibility
10 to receive benefits as an early retiree.  Plaintiffs asserted two causes of action alleging fraud and
11 unjust enrichment in the Complaint.  Complaint at ¶ 13 - 22. The relief requested in the
12 Complaint is compensatory damages and prejudgment interest for each cause of action,
13 attorney's fees, and costs. Complaint at pg. 5.

14      On November 6, 2007, Plaintiff filed a proof of service indicating that Defendant Lorren
15 was personally served on November 4, 2007.  Doc. 6.  The Clerk of the Court entered default on
16 November 29, 2007.  Doc. 8.

17      Plaintiffs filed a Motion for Default Judgment on March 17, 2008.  In the motion,
18 Plaintiffs sought a judgment in the amount of $62,742.78 which included $ 44,792.00 for
19 reimbursement of retirement benefits, $11,318.78 for 10% pre-judgment interest, $6,267.00 in
20 attorney fees plus costs of $365.00.  Plaintiffs also requested that the judgment bear interest at a
21 rate of 10% from the date of entry until paid.

22      The court denied the Motion for Default Judgment because inter alia, Plaintiffs had not
23 outlined how the facts alleged in the complaint satisfied the claims for unjust enrichment and
24 fraud and because Plaintiffs had not demonstrated they were entitled to the relief they were
25 seeking.  Accordingly, Findings and Recommendations were issued on May 9, 2008,
26 recommending that Plaintiffs' Motion for Default Judgment be denied without prejudice. Doc.
27 19.  These Findings and Recommendations were adopted by the Honorable Oliver W. Wanger on
28 June 16, 2008.  Doc. 22.

1    Subsequently, on June 11, 2008, Plaintiffs filed the instant Motion for Default Judgment.
2 In this motion, Plaintiffs requested a monetary judgment in the amount of $44,792.00 plus an
3 unspecified amount of interest, $6736.50 in attorney's fees, and $350.00 for costs all totaling
4 $51,878.50.  On August 3, 2008, the court issued an order requiring that the Plaintiffs provide the
5 court with additional points and authorities indicating why the complaint was sufficient as
6 alleged, how the causes of action and all the relief Plaintiffs were seeking was authorized under
7 federal law, and why this court should not recommend that the Motion for Default Judgment be
8 denied.  In the order, the court noted that Plaintiffs' causes of action alleging common law claims
9 appeared to be preempted by ERISA.  In the alternative, Plaintiffs could withdraw their Motion
10 for Default Judgment and file a Motion for Leave to Amend the Complaint.

11   On September 10, 2008, Plaintiffs filed a Motion to Amend the Complaint, however,
12 Plaintiffs  have not withdrawn their Motion for Default Judgment.  In the Amended Complaint,
13 Plaintiffs allege a cause of action for Restitution and Unjust Enrichment and a cause of action for
14 Equitable Restitution on Monies Had and Received.  Plaintiffs are seeking restitution of losses
15 sustained plus the disgorgement of ill-gotten profits in the amount totaling at least $44,792.00,
16 pre- and post- judgment interest, attorney's fees, and costs.  Plaintiffs also request an order
17 directing Defendant to pay the amounts due to the pension fund, declare that the Defendant hold
18 his interest in specific property in trust for the pension fund and compel Defendant to convey his
19 interest in such property to the pension fund.

## DISCUSSION

21    Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when
22 justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

26 *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This policy is "to be applied with extreme
27 liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations
28 omitted).  Furthermore, under Rule 15(a), a plaintiff may amend his complaint once "as a matter

of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

In this case, there is no prejudice to the Defendant as the amendment will provide him with an additional opportunity to answer and participate in the case. Furthermore, since Defendant did not file a responsive pleading, Plaintiff is entitled to amend the complaint under Rule 15(a). Fed. R. Civ. P. 15 (a)(1).  Plaintiffs are advised that in the event that Defendant does not appear and a Motion for Default Judgment is filed, Plaintiffs will need to provide the court with legal authority that they are entitled to the relief requested in the Amended Complaint under federal law.  Furthermore, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, Default entered on November 29, 2007 will be VACATED and Plaintiffs' Motion for Default Judgement is deemed Withdrawn.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that :

1) Plaintiffs' Motion for Leave to File an Amended Complaint filed on September 10, 2008 is GRANTED.  Plaintiffs shall serve Defendant with the Amended Complaint within thirty (30) days of the date of this order and provide the court with proof of service.  If Plaintiffs are unable to execute service, Plaintiffs shall provide the court with an explanation of the circumstances of attempted service at the end of the thirty (30) day period;

2) Plaintiffs Motion for Default Judgement filed on June 11, 2008 is deemed WITHDRAWN; and

3) The Clerk of the Court shall VACATE default entered on November 29, 2007.

IT IS SO ORDERED.

Dated:    September 29, 2008              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE